CARL E. SHELDON, for appellant.

HENRY C. WARD and PHILIP H. WARD, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict will not be disturbed.* In an action for rent, on the theory that defendant as a holdover tenant was liable as a tenant from year to year, where the defense was that there was an arrangement that defendant was to hold over as a tenant from month to month, *held* that a verdict for plaintiff on conflicting evidence would not be disturbed.

2. LANDLORD AND TENANT, § 88*—*when tenant holding over liable for full year's rent.* A tenant for three years who held over after the expiration of the lease for eight months and then moved out, *held* liable for the whole of the fourth year's rent, on the theory that he became a tenant from year to year (following *Clinton Wire-Cloth Co. v. Gardner*, 99 Ill. 151.)

---

## Harry G. Thomas, Appellee, v. Addison J. Platt, Mayor, Appellant.

### Gen. No. 5,952. (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

### Statement of the Case.

Petition filed by Harry G. Thomas for a writ of mandamus to compel Addison J. Platt, mayor of the city of Sterling, to sign a warrant for electrical services rendered for the city by the petitioner, the warrant having been made out by the clerk after the city council voted to allow the bill. Respondent demurred to the petition, but before the court acted on the de-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

murrer he filed his answer to the petition. Petitioner filed a demurrer to the answer and the demurrer was sustained. Respondent elected to abide by his answer and a writ of peremptory mandamus was ordered. To reverse the order, respondent appeals.

John M. Stager and Henry C. Ward, for appellant.

A. A. Wolfersperger, for appellee.

Mr. Justice Whitney delivered the opinion of the court.

### Abstract of the Decision.

1. Mandamus, § 156*—*filing of answer as waiving demurrer.* The filing of an answer operates in law as a waiver of a demurrer to the petition.

2. Mandamus, § 154*—*when answer to petition to compel mayor to sign warrant demurrable.* A demurrer to an answer filed to a petition for a writ of mandamus to compel the mayor of a city to sign a warrant for services rendered the city, after the city council had audited the bill and the warrant was issued, *held* properly sustained, where the answer alleged that the services were not rendered at the request of the chairman of the committee, but admitted many allegations of the petition and practically admitted that petition was to have *quantum meruit* compensation, and it not appearing that the services were not worth the sum voted.

3. Municipal Corporations, § 1152*—*when duty of mayor to sign warrant.* It is the duty of the mayor to sign a warrant for services rendered the city, though there was no valid contract for the services, where the city accepted the services and the city council voted to allow the bill, and the warrant was made out on a proper fund and signed by the proper clerk and the sum voted for the services was a reasonable compensation for the services.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.